UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN, | No. 2:24-cv-2615 WBS CSK P |
| Plaintiff, | ORDER |
| v. | |
| SACRAMENTO COUNTY MAIN JAIL, | |
| Defendant. | |

      Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As set forth below, plaintiff's complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6  II.    PLAINTIFF'S COMPLAINT

7         In his first claim, plaintiff challenges the conditions of confinement at the Sacramento
8  County Jail, listing the following violations:  breach of the standard of care, failure to treat health
9  consequences of the mold, allergies, violated Eighth Amendment.  (ECF No. 1 at 5.)  Plaintiff
10 claims that the shower next to his cell contained black mold which boiled through the baseboard,
11 gradually building a puddle on his floor.  Plaintiff began experiencing abdominal pain, shortness
12 of breath, and sharp pains in the left side of his chest.  Plaintiff pushed his emergency button;
13 when the deputy came, plaintiff showed him the mold, and the deputy immediately removed
14 plaintiff from the cell.  (Id. at 5.)  Plaintiff claims that the incident was recognized live on the
15 deputy's body camera when he removed plaintiff from the contaminated cell.  (Id. at 3.)  Minutes
16 later, plaintiff was transported by ambulance to the emergency room on October 18, 2022, and
17 again on October 22, 2022, and several other times due to breathing problems and chest pain.
18 Plaintiff was provided blood tests and a chest x-ray, and it was determined that plaintiff was
19 allergic to mold and had suffered a severe allergic reaction from being placed in that cell.  A few
20 months later, plaintiff received an inhaler.  (Id. at 5.)

21         As a result, plaintiff alleges he sustained scar tissue damage to his chest, and "suffers
22 ongoing chest wall pain, fluttering in his chest and left extremities which lead to other
23 complications such as an irregular heartbeat."  (Id.)

24         In his second claim, plaintiff alleges that following his multiple trips to the emergency
25 room, on or about October 27, 2022, a nurse placed a blood pressure cuff on plaintiff's left arm to
26 take an automatic reading.  Twice the cuff squeezed and released automatically.  The third time
27 the cuff overinflated, causing severe pain to plaintiff's biceps.  Plaintiff yelled, and the nurse
28 snatched the cuff off plaintiff's arm, and the cuff was still inflating.  Plaintiff was returned to his

1 cell, where his biceps were in severe pain, and plaintiff then felt something painful in his forearm,
2 and noticed a swelling that was not there before. Plaintiff informed medical, but they "did very
3 minimal examination." (ECF No. 1 at 7.) On December 3, 2022, plaintiff was seen by Dr. Soni
4 Nageswanan who told plaintiff he "suffered nerve damage in [his] left arm and chest wall damage
5 in [the] left side of [his] chest." (Id.) Plaintiff alleges that by using an improper technique for
6 monitoring blood pressure and the blood pressure cuff was allowed to reach 300 mm hg's,
7 plaintiff sustained severe injuries. (Id.)

8      As a result, plaintiff suffers "painful tissue swelling and nerve compression in [his] left
9 arm." (Id.) Plaintiff claims that "the left side of [his] chest and left bicep flutter in pain very
10 often lasting up to two hours each time." (Id.)

11      Plaintiff seeks unidentified injunctive relief, declaratory relief, and monetary damages.
12 (ECF No. 1 at 9.) Plaintiff names the Sacramento County Main Jail as the sole defendant.

13 III.    DISCUSSION
14     A.    Conditions of Confinement

15      Under the Fourteenth Amendment's Due Process Clause, pretrial detainees have a right
16 against jail conditions that "amount to punishment." See Pierce v. Cnty. of Orange, 526 F.3d
17 1190, 1205 (9th Cir. 2008). "For a particular governmental action to constitute punishment, (1)
18 that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the
19 governmental action must be to punish the detainee." Demery v. Arpaio, 378 F.3d 1020, 1029
20 (9th Cir. 2004). An objective standard applies to conditions of confinement claims brought under
21 the Fourteenth Amendment. Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018).
22 "This requires showing at least reckless disregard for inmates' health or safety." Norbert v. City
23 & Cnty. of San Francisco, 10 F.4th 918, 928 (9th Cir. 2021).

24      Plaintiff's allegations do not demonstrate a reckless disregard for his health or safety.
25 Plaintiff states that the mold was in the shower next to his cell, not in his cell, until later when the
26 mold pooled on the floor of his cell. Then, when he brought the mold to the attention of the
27 deputy, plaintiff was immediately removed from his cell and shortly thereafter was taken to the
28 emergency room. Such actions do not demonstrate a reckless disregard for plaintiff's health or

safety. It is unclear whether plaintiff can amend to state a cognizable conditions of confinement claim, but he is granted leave to amend.

        B.      <u>Medical Care</u>

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. See <u>Gordon</u>, 888 F.3d at 1122, 1125 n.4. The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

<u>Id.</u> at 1125.

For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily turn[ ] on the facts and circumstances of each particular case." <u>Id.</u> (citations and internal quotation marks omitted). The four-part test articulated in <u>Gordon</u> requires the plaintiff to prove more than negligence, but less than subjective intent—something akin to reckless disregard. See <u>id.</u> Mere negligence and a simple lack of due care do not violate the Fourteenth Amendment. See <u>Castro v. Cnty. of Los Angeles</u>, 833 F.3d 1060, 1071 (9th Cir. 2016).

Plaintiff's allegations concerning the blood pressure cuff fail to demonstrate that the unidentified nurse's use of the automatic blood pressure cuff was objectively unreasonable. Indeed, plaintiff admits that the first two times the automatic cuff was engaged, it did not inflate. The third time, the cuff overinflated. This suggests a malfunctioning of the automatic blood pressure cuff, not that the nurse caused the cuff to overinflate. Indeed, plaintiff states that when the cuff overinflated, and he yelled in pain, the nurse snatched the cuff off plaintiff's arm, yet the cuff continued to inflate. This further suggests that the cuff was malfunctioning. While plaintiff contends he suffered serious injury as a result, he alleges no facts that suggest any individual at

the jail knowingly used a malfunctioning or defective automatic blood pressure cuff,[1] and it appears the overinflated cuff was only applied for a brief period because the nurse snatched it off when plaintiff yelled. It is unclear whether plaintiff can amend to state a cognizable civil rights claim, but he is granted leave to amend.

C. Failure to Name Responsible Defendants

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of

---

[1] See Smith v. Phoenix Techs. Ltd., 2011 WL 5444700, at *2 (N.D. Cal. Nov. 9, 2011) ("the Court does not have federal question jurisdiction over this state law products liability action.").

6

official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Here, plaintiff names no individual responsible for the alleged violations.  And, although plaintiff names the Sacramento County Main Jail as a defendant, he fails to link or connect such defendant to any of the alleged deprivations.

### D. Putative State Law Claims

In both claims one and two, plaintiff alleges defendant breached the standard of care or failed to meet the standard of care.  (ECF No. 1 at 5, 7.)  As discussed above, the "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment."  Gordon, 888 F.3d at 1125.  But even if plaintiff intended to assert a pendant state law claim of negligence, the claim would fail because he does not plead compliance with the California Government Claims Act ("Act").[2]

Under the California Government Claims Act, set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("Board"), and the Board acted on the claim, or the time for doing so expired.  Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official.  State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1244 (2004).  Thus, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint. Id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  The plaintiff must present facts demonstrating compliance, rather than simply conclusions suggesting as much.  Shirk v. Vista Unified School Dist., 42 Cal. 4th 201, 209 (2007), as

---

[2] See Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal., 730 F.3d 1111, 1124 (9th Cir. 2013) ("Consistent with the California Supreme Court, we 'adopt the practice of referring to the claims statutes as the Government Claims Act, to avoid the confusion engendered by the informal short title Tort Claims Act.'" (quoting City of Stockton v. Superior Court, 42 Cal. 4th 730, 68 Cal. Rptr. 3d 295 (2007)).)

7

1  modified (Oct. 10, 2007).  Such requirements also apply to state law claims included in a federal
2  action under § 1983.  See Volis v. Housing Auth. of the City of L.A. Emps., 670 F. App'x 543,
3  544 (9th Cir. 2016).
4        To be timely, a claim must be presented to the Board "not later than six months after the
5  accrual of the cause of action."  Cal. Govt. Code § 911.2.  Thereafter, "any suit brought against a
6  public entity" must be commenced no more than six months after the public entity rejects the
7  claim.  Cal. Govt. Code, § 945.6, subd. (a)(1).  Federal courts must require compliance with the
8  California Government Claims Act for pendant state law claims that seek damages against state
9  employees or entities.  Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969); Mangold, 67 F.3d at
10 1477.  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may
11 proceed only if the claims were presented in compliance with the applicable exhaustion
12 requirements.  Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir.
13 1988); Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).
14       E.    Leave to Amend
15       In light of the above deficiencies, plaintiff's complaint must be dismissed.  The Court
16 determines that the complaint does not contain a short and plain statement as required by Fed. R.
17 Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must
18 give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev.
19 Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of
20 particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because
21 plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be
22 dismissed.  The Court will, however, grant leave to file an amended complaint.
23       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
24 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,
25 West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how
26 each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no
27 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
28 defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

8

F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. SUBSEQUENT REQUESTS

Plaintiff filed a motion seeking a one time courtesy copy of his complaint. (ECF No. 8.) After plaintiff filed this action, he was transferred to Pelican Bay State Prison. Because the complaint is being dismissed with leave to amend, plaintiff's motion is granted.

Plaintiff later and separately filed a notice concerning missing medical records and a request for assistance in serving a subpoena, which is a discovery request. (ECF No. 9.) In light of this order dismissing the complaint with leave to amend, plaintiff's request is premature. Further, no defendant has been served, and the Court has not yet issued a discovery and scheduling order. Thus, plaintiff's discovery request is premature and is denied without prejudice.

## VI. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

1   Director of the California Department of Corrections and Rehabilitation filed concurrently
2   herewith.
3          3. Plaintiff's complaint is dismissed.
4          4. Within thirty days from the date of this order, plaintiff shall complete the attached
5   Notice of Amendment and submit the following documents to the court:
6              a. The completed Notice of Amendment; and
7              b. An original of the Amended Complaint.
8   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
9   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
10  also bear the docket number assigned to this case and must be labeled "Amended Complaint."
11  Failure to file an amended complaint in accordance with this order may result in the dismissal of
12  this action.
13         5. Plaintiff's motion for a copy of his complaint (ECF No. 8) is granted.
14         6. The Clerk of the Court shall send plaintiff a copy of plaintiff's complaint (ECF No. 1).
15         7. Plaintiff's discovery request (ECF No. 9) is denied without prejudice.

Dated:  February 10, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/kern2615.14n.csk

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN,<br><br>                Plaintiff,<br><br>          v.<br><br>SACRAMENTO COUNTY MAIN JAIL,<br><br>                Defendant. | No. 2:24-cv-2615 WBS CSK P<br><br><br>NOTICE OF AMENDMENT |

   Plaintiff submits the following document in compliance with the Court's order filed on _____ (date).

☐   Amended Complaint
   (Check this box if submitting an Amended Complaint)

DATED:

                              _____
                              Plaintiff