UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KERN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-2615 WBS CSK P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  Plaintiff's second amended complaint is before the court.  As discussed below, the Court recommends that plaintiff's second amended complaint be dismissed without leave to amend, and this action be dismissed without prejudice.

I.　　SCREENING STANDARDS

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II. PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff alleges the following in his verified second amended complaint. In his first claim, plaintiff alleges that he was placed in cell 5east213 in the Sacramento County Jail where mold seeped in from a shower on the opposite side of the wall for 11 days. (ECF No. 18 at 3.) On or about October 17 or 18, 2022, plaintiff suffered a terrible allergic reaction. Defendant Deputy John Doe 1 removed plaintiff from the cell, and plaintiff was taken to the Sutter Hospital emergency room. Plaintiff suffered "great chest pains and breathing problems which led to other serious complications." (Id.)

Later, plaintiff was put in cell 6west228 which had mold and backed up plumbing; plaintiff suffered a reaction and was again transported to the emergency room on October 22, 2022. (Id. at 4.) Plaintiff was removed from this cell by defendant Deputy John Doe 2. As a result, plaintiff suffered "great chest pains and breathing problems which led to other serious complications." (Id. at 3.)

///

In January 2024, plaintiff was given incomplete medical records and contends many results were not included, several medical records were not mentioned or were completely destroyed. (Id.)

In his second claim, plaintiff alleges that on or about October 27, 2022, nurse Deputy Jane Doe put a blood pressure cuff on plaintiff's left arm. (Id. at 5.) "This blood pressure cuff is usually placed and used for one attempted while attended reading." (Id.) Plaintiff claims it was not normal for the machine to be left unattended as the machine attempted to inflate twice without any pressure, and the third time it squeezed so tight, reaching over 300 mm's to the point plaintiff almost passed out. (Id.) This caused constant pain and fluttering to plaintiff's bicep and left a very painful mass on his left forearm that pressures his nerves and veins. (Id.) Plaintiff suffered loss of range of motion in his left arm, paralysis in his left hand and cold sensitivity at times, and loss of strength. (Id.) Plaintiff alleges that the results of these unsuccessful attempts were not put into the flow sheet and medical records were destroyed. (Id.)

As defendants, plaintiff names the Sacramento County Main Jail, Deputy John Doe 1, Deputy John Doe 2, and Deputy Jane Doe, all employed at the Sacramento County Jail. (Id. at 1-2.) Plaintiff seeks money damages. (Id. at 7.)

III.   DISCUSSION

As explained below, plaintiff's second amended complaint suffers from many of the same defects identified in the Court's prior screening orders. (ECF Nos. 10, 17.)

A.   Conditions of Confinement

Under the Fourteenth Amendment's Due Process Clause, pretrial detainees have a right against jail conditions that "amount to punishment." See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004). An objective standard applies to conditions of confinement claims brought under the Fourteenth Amendment. Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018). "This requires showing at least reckless disregard for inmates' health or safety." Norbert v. City

3

1  & Cnty. of San Francisco, 10 F.4th 918, 928 (9th Cir. 2021).

2  Plaintiff's first claim sets forth no facts demonstrating that either Deputy John Doe 1 or
3  Deputy John Doe 2 recklessly disregarded plaintiff's health or safety.  Rather, plaintiff alleges
4  that both deputies removed plaintiff from his cell.  Those acts, standing alone, are insufficient to
5  state a Fourteenth Amendment claim.  Plaintiff includes no facts demonstrating either deputy was
6  responsible for, or even aware of, the mold or backed up plumbing in plaintiff's cells.  Plaintiff's
7  claims must be dismissed.

8  B.  Medical Care

9  A claim for a violation of a pretrial detainee's right to adequate medical care arises under
10  the Fourteenth Amendment rather than the Eighth Amendment.  See Gordon, 888 F.3d at 1122,
11  1125 n.4.  The claim is evaluated under an objective deliberate indifference standard.  The
12  elements of a pretrial detainee's medical care claim against an individual defendant under the due
13  process clause of the Fourteenth Amendment are:  (i) the defendant made an intentional decision
14  with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the
15  plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable
16  available measures to abate that risk, even though a reasonable official in the circumstances
17  would have appreciated the high degree of risk involved—making the consequences of the
18  defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the
19  plaintiff's injuries.  Id. at 1125. For the third element, the defendant's conduct must be objectively
20  unreasonable, "a test that will necessarily turn[ ] on the facts and circumstances of each particular
21  case." Id. (citations and internal quotation marks omitted). The four-part test articulated in
22  Gordon requires the plaintiff to prove more than negligence, but less than subjective intent—
23  something akin to reckless disregard.  See id.  Mere negligence and a simple lack of due care do
24  not violate the Fourteenth Amendment.  See Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071
25  (9th Cir. 2016).

26  Plaintiff reiterates his allegations concerning the blood pressure cuff that apparently
27  malfunctioned, failing to register his blood pressure on two occasions, and on the third occasion,
28  tightening the cuff too tightly causing plaintiff pain and other injuries.  However, plaintiff again

4

1 includes no facts suggesting that defendant Deputy Jane Doe's conduct in applying the blood pressure cuff was objectively deliberately indifferent or even reckless. Plaintiff vaguely claims the machine was "left unattended," but he sets forth no specific facts articulating what Jane Doe did or did not do that would constitute objective deliberate indifference. Plaintiff again fails to demonstrate that Jane Doe's use of the automatic blood pressure cuff was objectively unreasonable. Because plaintiff failed to allege facts meeting the four elements required under Gordon, 888 F.3d at 1125, plaintiff's second claim should be dismissed.

The Court previously warned plaintiff that if he could not, in good faith, include additional facts meeting each of the elements required under Gordon, 888 F.3d at 1125, plaintiff should not renew this claim in his second amended complaint. (ECF No. 17 at 7.) In his original complaint, plaintiff initially alleged "that when the cuff overinflated, and he yelled in pain, the nurse snatched the cuff off plaintiff's arm, yet the cuff continued to inflate." (ECF No. 10 at 5 (February 11, 2025 order screening plaintiff's original complaint). Although plaintiff omitted this fact from his second amended complaint, the fact the nurse snatched the cuff off plaintiff's arm not only suggests that the blood pressure cuff was malfunctioning,[1] but also suggests that Jane Doe was in close proximity to the machine. Plaintiff contends he suffered serious injury as a result, but he alleges no facts that suggest defendant Jane Doe or any other individual at the jail knowingly used a malfunctioning or defective automatic blood pressure cuff, "and it appears the overinflated cuff was only applied for a brief period because the nurse snatched it off when plaintiff yelled." (Id.) In his second amended complaint, plaintiff again failed to set forth facts meeting all of the elements required under Gordon. Thus, plaintiff's claim against defendant Jane Doe should be dismissed without leave to amend.

C. Sacramento County Main Jail

Plaintiff again failed to include any charging allegations as to the Sacramento County Main Jail. (ECF No. 18, *passim*.)

///

---

[1] See Smith v. Phoenix Techs. Ltd., 2011 WL 5444700, at *2 (N.D. Cal. Nov. 9, 2011) ("the Court does not have federal question jurisdiction over this state law products liability action.").

5

## IV. LEAVE TO AMEND

Plaintiff has had multiple opportunities to cure the deficiencies in his initial complaint, including filing two amended complaints. (ECF Nos. 14, 18.) In the prior screening orders, the Court instructed plaintiff on the applicable law and pleading requirements. (ECF Nos. 10, 17.) Despite affording plaintiff multiple opportunities to correct the deficiencies in his original Complaint, the second amended complaint fails to adequately state any plausible § 1983 claim. The undersigned finds any further leave to amend would be futile. This is plaintiff's third attempt at filing a cognizable complaint and he is no closer to meeting the federal pleading standards. Thus, the undersigned recommends the district court dismiss the second amended complaint without further leave to amend. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009) ("where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad."); Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); McKinney v. Baca, 250 F. App'x 781 (9th Cir. 2007) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's second amended complaint be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 4, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/kern2615.56